UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jonathan Grambart,

    Plaintiff,

v.                                               Civ. No. 05-2416 (JNE/RLE)
                                               ORDER

Fremont Investment & Loan,
Superior Mortgage, Inc., and
Citigroup Global Market Realty Corp.,

    Defendants.

---

Samuel Glover, Esq., appeared for Plaintiff Jonathan Grambart.

Amy Schwartz, Esq., Lapp, Libra, Thomson, Stoebner & Pusch, Chartered, appeared for Defendant Superior Mortgage, Inc.

---

This is an action by a mortgagor, Jonathan Grambart, against a mortgagee, the mortgagee's assignee, and a mortgage broker, Fremont Investment & Loan (Fremont), Citigroup Global Market Realty Corp. (Citigroup), and Superior Mortgage, Inc. (Superior), respectively. Grambart asserts claims against Fremont, Citigroup, and Superior under the Truth in Lending Act (TILA), 15 U.S.C. § 1640 (2000), and for fraud. He also alleges that Fremont and Superior are liable for usury and unconscionable contract, and that Superior violated the Minnesota Residential Mortgage Originator and Servicer Licensing Act, Minn. Stat. §§ 58.01-.17 (2004). The case is before the Court on Superior's Motion to Dismiss the Amended Complaint.[1] For the reasons set forth below, the Court grants in part and denies in part the motion.

---

[1] Grambart dismissed his claims against Fremont and Citigroup with prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

1

## I.   BACKGROUND

The Court summarizes the allegations of Grambart's Amended Complaint. On December 17, 2003, Grambart obtained a mortgage for the purchase of real property located at 28318 100th Street, Zimmerman, Minnesota. Fremont funded the mortgage and Superior brokered the transaction. As part of its compensation, Superior received a yield spread premium (YSP) from Fremont.[2] Although a HUD-1 settlement statement received by Grambart at the closing disclosed Fremont's payment of the YSP to Superior, Superior never disclosed the compensation it would receive from sources other than Grambart, did not give a copy of the contract required by Minn. Stat. § 58.16 to Grambart,[3] and failed to inform Grambart of the YSP's effect on his mortgage's interest rate. After the closing, Fremont assigned its interest in Grambart's mortgage to Citigroup. In February 2005, Citigroup initiated foreclosure proceedings. A foreclosure sale took place in April 2005, and Grambart's redemption period expired in October 2005. The next month, Citigroup obtained a Writ of Eviction.

---

[2]   A YSP is one method used to compensate a mortgage broker:

> Brokers are entitled to compensation for their work and borrowers may choose to pay these fees in a variety of ways. The fees may be paid out-of-pocket by the borrower, they may be financed by adding the amount of such fees to the principal balance of their loan, or they may be paid by way of a YSP paid by the lender to the broker. . . . The payment of a YSP from the lender to the broker permits homebuyers to pay some or all of the up-front settlement costs over the life of the mortgage through a higher interest rate.

*Glover v. Standard Fed. Bank*, 283 F.3d 953, 957 (8th Cir. 2002).

[3]   Under Minnesota law, a fiduciary relationship exists between a borrower and certain residential mortgage originators. Minn. Stat. §58.16, subd. 1. The definition of residential mortgage originator includes a broker. *Id.* § 58.02, subds. 13, 14, 19, 23. Under section 58.16, the residential mortgage originator must enter into a written contract with the borrower and provide a copy of the contract to the borrower. *Id.* § 58.16, subd. 2(a). The contract must "specifically identify whether the residential mortgage originator may receive compensation from sources other than the borrower" and "state the total amount of commission or compensation that the borrower agrees to pay for the residential mortgage originator's services, or the basis on which the compensation will be computed." *Id.*, subd. 2(a)(2)-(3).

## II. DISCUSSION

In ruling on a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, a court must accept the complaint's factual allegations as true and construe them in the light most favorable to the plaintiff. *Midwestern Mach., Inc. v. Nw. Airlines, Inc.*, 167 F.3d 439, 441 (8th Cir. 1999); *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993). The court will not dismiss the complaint unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2002). The court may consider the complaint, matters of public record, materials embraced by the complaint, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

### A. TILA

Grambart alleges that Superior violated TILA by failing to properly disclose costs and fees associated with the mortgage at the closing. From Grambart's memorandum of law, the Court discerns that Superior's alleged failure to disclose the YSP's effect on his mortgage's interest rate is the essence of this claim. *See Pegram v. Herdrich*, 530 U.S. 211, 230 n.10 (2000) (using brief to clarify complaint's allegations). According to Superior, Grambart's claim is barred by TILA's limitation period: "Any action under this section may be brought . . . within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). In this case, the alleged TILA violation took place at the closing. Because Grambart commenced this action more than one year after December 17, 2003, Superior contends that the TILA claim is untimely. Grambart responds that Superior's assertion of the limitation period is premature.

The Eighth Circuit has recognized that a limitation period may be properly asserted in a Rule 12(b)(6) motion when the complaint itself indicates that the limitation period has expired. *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004); *Wycoff v. Menke*, 773 F.2d 983, 984-85 (8th Cir. 1985). Because the expiration of the one-year period set forth in section 1640(e) is apparent from Grambart's Amended Complaint, Superior properly asserted the limitation period in its Rule 12(b)(6) motion.

Grambart next invokes the doctrine of fraudulent concealment in an effort to equitably toll the limitation period. *See, e.g.*, *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 708 (11th Cir. 1998); *Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 505 (3d Cir. 1998); *Evans v. Rudy-Luther Toyota, Inc.*, 39 F. Supp. 2d 1177, 1183-84 (D. Minn. 1999). The fraudulent concealment doctrine requires a plaintiff to show that the defendant engaged in a course of conduct designed to conceal evidence of the alleged wrongdoing and that the plaintiff, despite the exercise of due diligence, had no notice of that evidence. *Schaefer v. Ark. Med. Soc'y*, 853 F.2d 1487, 1491-92 (8th Cir. 1988) (applying fraudulent concealment to claim under Employee Retirement Income Security Act); *Evans*, 39 F. Supp. 2d at 1184. Although Grambart characterizes Superior's alleged failure to disclose the significance of the YSP as fraudulent concealment, he has not explained how he exercised due diligence in discovering the alleged concealment.

In his Amended Complaint, Grambart acknowledges that the HUD-1 settlement statement disclosed Fremont's payment of the YSP to Superior. Consequently, on December 17, 2003, Grambart knew or should have known that Superior received a YSP from Fremont. In the exercise of due diligence, he could have readily discovered that the YSP entailed an increase to his mortgage's interest rate. Because Grambart did not exercise due diligence in discovering and

pursuing his claim, TILA's limitation period is not equitably tolled. *See Salois v. Dime Sav. Bank of New York, FSB*, 128 F.3d 20, 26 & n.11 (1st Cir. 1997).

In short, almost twenty-two months passed from the closing of Grambart's mortgage to the filing of this action. At the closing, Grambart had all the information necessary to assert his TILA claim. Because Grambart brought this action more than one year after the alleged TILA violation, his claim is untimely. The Court therefore grants Superior's motion as it relates to Grambart's TILA claim. *See* 15 U.S.C. § 1640(e).

**B.     State-law claims**

In his Amended Complaint, Grambart seeks rescission as a remedy for several of his state-law claims. In his memorandum of law in opposition to Superior's motion, he concedes that rescission is not an appropriate remedy. Accordingly, the Court dismisses his state-law claims against Superior insofar as they seek to rescind the mortgage.

The sole basis for the Court's jurisdiction over Grambart's remaining state-law claims is 28 U.S.C. § 1367(a) (2000), which permits a district court to exercise supplemental jurisdiction over claims that are part of the same case or controversy as the claims that fall within the district court's original jurisdiction. A district court may, in its discretion, decline to exercise supplemental jurisdiction when "all claims over which it has original jurisdiction" have been dismissed. 28 U.S.C. § 1367(c)(3); *see Franklin v. Zain*, 152 F.3d 783, 786 (8th Cir. 1998); *Save Our Health Org. v. Recomp of Minn., Inc.*, 829 F. Supp. 288, 293 (D. Minn. 1993), *aff'd*, 37 F.3d 1334 (8th Cir. 1994). In this case, all claims within the Court's original jurisdiction have been dismissed. The Court declines to exercise supplemental jurisdiction over the remaining state-law claims. The Court therefore dismisses them without prejudice. *See Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 599 (8th Cir. 2002).

### III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Superior's Motion to Dismiss the Amended Complaint [Docket No. 21] is GRANTED IN PART and DENIED IN PART.

2. The Amended Complaint [Docket No. 14] is DISMISSED WITH PREJUDICE insofar as it asserts claims against Superior under TILA or for rescission. The Amended Complaint is otherwise DISMISSED WITHOUT PREJUDICE as to Superior.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 21, 2006

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge